In the United States District Court

Atlanta Division

| | | |
|---|---|---|
| Home Legend, LLC, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | C. A. No._____ |
| | ) | |
| Chris A. Dillon, Alston, Inc., Alan | ) | |
| | ) | |
| Chou and John Does 1-5 | ) | |
| | ) | |
|     Defendants | ) | |

**Complaint**

Comes now, Home Legend, LLC ("Home Legend") who shows this Court as follows:

1.

Home Legend is a California limited liability company with its principal place of business in Adairsville, GA.

2.

Defendant Chris A. Dillon ("Dillon") is subject to the jurisdiction of this Court and he may be served with service of process at his residence, 310 Knolls Terrace, Roswell, GA 30075.

1

3.

Defendant Alston, Inc. ("Alston") is a California corporation and is subject

to the jurisdiction of this Court; it may be served with service of process upon its

registered agent for service of process by service upon its registered agent for

service of process, Sherry Zhou, at its principal office at 21491 Ferrero Parkway,

City of Industry, CA 91789.

4.

Defendant Alan Chou ("Chou") is the Chief Executive Officer of Alston,

Inc., is subject to the jurisdiction of this Court and he may be served with service

of process at his business address in care of Alston at 21491 Ferrero Parkway, City

of Industry, CA 91789.

5.

Defendants John Does 1-5 are presently unknown to Home Legend, but on

information and belief are persons who are current and former employees or

independent sales representatives of Home legend who conspired with Defendants

Dillon, Alston and Chou to divert sales from Home Legend to Alston.  Once

identified, these persons will be added by amendment and served with service of

process.

6.

This complaint alleges a cause of action, inter alia, under 18 U.S.C. § 1961 et seq. and this Court has jurisdiction under 28 U.S.C. §1331. Venue is proper under 18 U.S.C. § 1965.

7.

Dillon was hired by Home Legend as its Director of Direct Division Sales and Marketing beginning on July 16, 2015. Subsequently, Home Legend promoted Dillon and elected him as the Vice President in charge of Direct Sales. In that capacity, Dillon managed a business unit of Home Legend which had sales of approximately $30,000,000 in 2017. Dillon served in that capacity until February 7, 2018, when he was terminated.

8.

While Dillon was Vice President of Home Legend, he supervised a team of approximately twenty-six (26) persons who were either Home Legend employees or independent sales representatives who called on retail flooring outlets throughout the United States to sell Home Legend's flooring product lines.

9.

While Dillon was a Vice-President of Home Legend, he owed that company a duty of loyalty.

10.

Sometime before July 1, 2017, Dillon was introduced to Sherry Zhou ("Zhou"), the Chief Financial Officer of Alston and the sister of Defendant Chou. Dillon and Zhou subsequently developed a close, personal relationship.

11.

Alston is an enterprise as defined in 18 U.S.C. §1961 (4) and engaged in interstate and foreign commerce.

12.

Sometimes before July 1, 2017 and continuing through February 7, 2018, Chou, Dillon, Alston and John Doe Defendants 1-5 conspired to conduct the affairs of Alston through a pattern of racketeering for the purpose of diverting sales from Home Legend to Alston.

13.

To that end, Chou, Dillon, Alston and John Doe Defendants 1-5 conspired to engage in a scheme or artifice to defraud Home Legend by depriving it of the honest services of certain of its employee and sales representatives engaged in the activities of the Direct Sale division of Home Legend.

14.

To that end and in furtherance of the conspiracy and in violation of 18 U.S.C. § 1343 Dillon sent an email on July 1, 2017 in interstate commerce to John

Doe Defendants 1-5 to begin selling products for Alston without disclosing this fact to Home Legend.  A copy of the email is attached as Exhibit A.

16.

In furtherance of the conspiracy and on information and belief, Dillon identified the six bestselling products in Home Legend's water proof composite flooring line and shared that information with Chou and Alston along with the price points at which these products were offered to customers of Home Legend's direct sales division.

17.

In furtherance of the conspiracy and on information and belief and during the Fall of 2017, Alston sent emails in foreign commerce with purchase orders for the six bestselling products in Home Legend's  water proof composite flooring line to the same Chinese supplier that supplied Home Legend with these products in violation of 18 U.S.C. §1343.

18.

To that end and in furtherance of the conspiracy, Dillon requested John Does 1-5 to order duplicative samples from Home Legend of the flooring products that Alston was copying to use for the purpose of selling Alston products and diverting sales from Home Legend while minimizing the sample expense to Alston.

19.

In furtherance of the conspiracy and on information and belief, Dillon sent

emails in interstate commerce in violation of 18 U.S.C. §1343 in the Fall of 2017

to John Does 1-5 advising them that Alston had certain of the same products as

Home Legend and offered the Alston products at prices lower that offered by

Home Legend.

20.

In furtherance of the conspiracy and on information and belief, John Does 1-

5 while in the employ of or under contract with Home Legend filled orders for

Alston and diverted sales from Home Legend to Alston and sent confirming emails

of the sales orders in interstate commerce to Chou, Dillon and Alston in violation

of 18 U.S.C. 1343.

21.

In furtherance of the conspiracy and on information and belief, Chou caused

Alston to send commission  checks to John Does 1-5 for the sales diverted from

Home Legend to Alston, which checks were sent via the United States Postal

Service in violation of 18 U.S.C. §1341.

22.

In furtherance of the conspiracy, Alston recruited certain employees of

Home Legend's China office to assist it with the purchase and shipment of the

6

flooring products that were copied from Home Legend's product line and caused emails to be sent in foreign commerce in violation of 18 U.S.C. § 1343, as evidenced by Exhibit B.

23.

In January, 2018 Home Legend displayed its flooring product lines at Surfaces, an international exposition for the flooring industry, its suppliers and customers.

24.

In furtherance of the conspiracy, and while employed by Home Legend, Dillon attended Surfaces and represented Alston at the meeting of the National Flooring Alliance, a large buying group of flooring products.

25.

In furtherance of the conspiracy, Alston rented a suite at a hotel convenient to the Surfaces exposition site in Las Vegas and used the suite to show case its products which were copies of Home Legend's six bestselling water proof composite flooring sku's.

26.

In furtherance of the conspiracy, Dillon and Chou recruited John Does 1-5 to bring their customers  to the  Alston suite where Dillon and Chou offered the same

products as Home Legend showed at Surfaces at prices lower than the prices offered by Home Legend for similar quantities.

Count 1

27.

Home Legend incorporates the allegations of ¶¶ 1-27 as if repeated herein.

28.

Defendants Dillon, Chou, Alston and John Does 1-5 have conspired to conduct Alston's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962 (c) and (d).

29.

As a proximate result of the actions of the Defendants as alleged in ¶¶ 1-28, Home Legend has been injured in an amount to be proved at trial.

Wherefore, Home Legend prays that:

(a) It recover damages in an amount to be proved at trial as trebled by 18 U.S.C. 1964 (c);

(b) It recover its reasonable attorney's fees as provided by 18 U.S.C. 1964 (c);

(c) It have trial by jury; and

(d) Such other and further relief as is necessary in the enlightened conscience of the jury to make the Plaintiff whole.

8

Count 2

30.

Home Legend incorporates the allegations of ¶¶ 1-27 as if repeated herein.

31.

Defendants Dillon, Chou, Alston and John Does 1-5 have conspired to conduct Alston's affairs through a pattern of racketeering activity in violation of O.C.G.A. §16-4-4 (b) and (c).

32.

As a proximate result of the actions of the Defendants as alleged in ¶¶ 1-33, Home Legend has been injured in an amount to be proved at trial.

33.

The Defendants have acted willfully and intentionally to injure the Plaintiff and with that entire want of care so as to justify the imposition of punitive damages.

Wherefore, Home Legend prays that:

(a) It recover damages in an amount to be proved at trial as trebled by O.C.G.A. §16-4-6 (c);

(b) It recover punitive damages in an amount to be awarded by the jury;

(c) It recover its reasonable attorney's fees; and

(d) Such other and further relief as is necessary in the enlightened conscience of the jury to make the Plaintiff whole.

Count 3

34.

Home Legend incorporates the allegations of ¶¶ 1-27 as if repeated herein.

35.

Dillon breached his duty of loyalty to Home Legend by diverting sales from Home Legend to Alston while he was a corporate officer of Home Legend.

36.

As a proximate result of Dillon's breach of the duty of loyalty, Home Legend has been damaged in an amount to be proven at trial.

37.

Dillon has acted willfully and intentionally and with an entire want of care so as to justify the imposition of punitive damages.

Wherefore, Home Legend prays that:

(a) It recover its damages as proved at trial;

(b) It recover punitive damages in an amount to be awarded by the jury;

(c) It recover its reasonable attorney's fees; and

(d) Such other and further relief as is necessary in the enlightened conscience of the jury to make the Plaintiff whole.

Respectfully Submitted, this 8th day of March, 2018.

Law Offices of Edward Hine, Jr., P.C.

By:/s/ Edward Hine, Jr.
GA Bar No. 355775

Suite 121
111 Bridgepoint Plaza
Box 5128
Rome, GA 30162-5128
(o)  706 291 2531
(f)  706 291 1301
Email:  ed@edwardhinelaw.com
Attorney for the Plaintiff